UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
UNITED STATES OF AMERICA

       -v.-                               ORDER

DIAMANTE FRAZIER,                 No. 17-CR-364-7 (CS)

                    Defendant.
------------------------------------------------------x

Seibel, J.

     Before the Court is Defendant Diamante Frazier's motion for reduction of sentence under

18 U.S.C. § 3582(c)(1)(A), known as "compassionate release," (ECF No. 622), the

Government's opposition thereto, (ECF No. 625), and Defendant's reply, (ECF No. 628).

     On April 2, 2019, Defendant was sentenced principally to 120 months' imprisonment on

his convictions for narcotics conspiracy and brandishing a firearm in connection with attempted

murder and assault with a dangerous weapon.  (ECF No. 354.)  That sentence was below the

advisory Sentencing Guidelines range of 130-141 months.  He has served a little more than 68

months.  He argues that his sentence should be reduced in light of the risks presented by COVID-

19, the prison conditions in which he has served his sentence, the percentage of the sentence he

has completed and his rehabilitation.

     Under 18 U.S.C. § 3582(c)(1)(A), I may, after considering the § 3553(a) factors, reduce a

sentence if extraordinary and compelling reasons justify such action and it is consistent with the

relevant policy statements of the Sentencing Commission.  Policy Statement 1B1.13 imposes

similar requirements, along with the provision that the Defendant not be a danger to the safety of

any other person or the community.  Application Note 1 to Policy Statement 1B1.13 describes

four potential extraordinary and compelling reasons: 1) the  defendant has a terminal medical

condition or because of serious health condition from which he is not expected to recover is substantially diminished in his ability to provide self-care; 2) the defendant is at least 65 years old, has served 75% or 10 years of his sentence, and is experiencing a serious deterioration in health because of the aging process; 3) family circumstances; and 4) an extraordinary and compelling reason other than or in combination with one of the above. But "[n]either Application Note 1(D), nor anything else in the now-outdated version of Guideline § 1B1.13, limits the district court's discretion." *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020). "The defendant bears the burden of showing that the circumstances warrant a sentence reduction." *United States v. Jacques*, No. 20-3276, 2022 WL 894695, at *1 (2d Cir. Mar. 28, 2022) (summary order).[1]

"Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason," 28 U.S.C.A. § 994(t), but I may consider it in combination with other factors in determining whether there are extraordinary and compelling reasons for a sentence reduction. *See United States v. Torres*, 464 F. Supp. 3d 651, 661 (S.D.N.Y. 2020); *see also Brooker*, 976 F.3d at 237-38 ("The only statutory limit on what a court may consider to be extraordinary and compelling is that '[r]ehabilitation . . . *alone* shall not be considered an extraordinary and compelling reason.'") (quoting 28 U.S.C. § 994(t)) (emphasis in *Brooker*). Defendant's participation in programming is commendable, but it is not exceptional or even unusual. *See United States v. Bennett*, No. 15-CR-95, 2022 WL 3445349, at *3 (S.D.N.Y. Aug. 17, 2022) ("[District courts in this Circuit have widely held that rehabilitation through participation in prison programs and religious organization does not constitute an 'extraordinary and compelling'

---

[1] The Court will send Defendant copies of any unpublished decisions cited in this Order.

justification for release.') (internal quotation marks and citation omitted) (collecting cases). Similarly, maintaining good conduct in prison[2] is not uncommon, and indeed is expected.  *See United States v. Stephens*, 605 F. Supp. 3d 499, 502-03 (W.D.N.Y. 2022) ("Defendant states that he has demonstrated good behavior in prison and has taken advantage of the programming and services offered to him . . . and the Court commends him for doing so. These actions may place him in a better position at the time he is released back into society, but they do not justify his early release.")[3]; *Bennett*, 2022 WL 3445349, at *3 ("Nor is Defendant's lack of disciplinary record and good behavior during his imprisonment a basis to grant compassionate release.") (collecting cases); *United States v. Alvarez*, No. 89-CR-0229, 2020 WL 4904586, at *7 (E.D.N.Y. Aug. 20, 2020) ("model prison conduct is expected").

"[T]he risks posed by the pandemic alone do not constitute extraordinary and compelling reasons for release, absent additional factors such as advanced age or serious underlying health conditions that place a defendant at greater risk of negative complications from the disease." *United States v. Nwankwo*, No. 12-CR-31, 2020 WL 2490044, at *1-2 S.D.N.Y. May 14, 2020 (collecting cases), *reconsideration denied*, 2020 WL 2576145, at *1 (S.D.N.Y. May 21, 2020). Defendant candidly admits, (ECF No. 622 ¶ 14), that he has no health condition that would put him "at heightened risk of contracting the virus or suffering more severe consequences from it than any other inmates," *United States v. Boccanfusco*, No. 18-CR-104, 2021 WL 736420, at *3 (E.D.N.Y. Feb. 24, 2021).  Indeed, he tested positive in February 2021, (ECF No. 622 at 30), and

---

[2]Defendant has apparently had only one disciplinary infraction, for possessing a non-hazardous tool, which is classified as a non-serious infraction.  (ECF No. 622 at 28, 30.)

[3]Participation in programming may also, depending on his eligibility and other factors, allow Defendant earn time credits under the First Step Act.

apparently suffered no major or lasting ill effects.  *See United States v. Delorbe-Luna*, No. 18-CR-384, 2020 WL 7231060, at *2 (S.D.N.Y. Dec. 7, 2020) ("[A] defendant's successful recovery from COVID-19 weighs against granting that defendant compassionate release."); *United States v. Mateus*, No. 14-CR-504, 2020 WL 5096062, at *4 (S.D.N.Y. Aug. 28, 2020) ("Put simply, Mr. Mateus has already contracted the COVID-19 virus and recovered from it. Other courts have denied compassionate release requests on this basis, and the Court is persuaded by their analyses."); *United States v. Rodriguez*, No. 19-CR-64, 2020 WL 4581741, at *2 (D. Conn. Aug. 10, 2020) ("A number of district courts in the Second Circuit have found an inmate's positive test undermines his case for compassionate release on the basis of his susceptibility to COVID-19 because the main point of releasing an individual is to decrease the person's chance of contracting COVID-19.").  Further, Defendant has been vaccinated and boosted.  (ECF No. 622 ¶ 29.)  *See United States v. Jones*, No. 17-CR-214, 2021 WL 4120622, at *2 (S.D.N.Y. Sept. 9, 2021) ("As several courts have concluded, the risk of COVID-19 for a vaccinated individual is substantially reduced to the point that a defendant will typically not be able to demonstrate extraordinary and compelling reasons after he has been vaccinated.").  Moreover, the Bureau of Prisons is reporting that out of almost 4000 prisoners at Fort Dix, there are currently only nineteen who have tested positive.

Finally, the conditions implemented during the pandemic do not elevate Defendant's situation to the level of extraordinary or compelling.  I do not mean to minimize the difficulty that the pandemic has caused for inmates (or those on the outside, for that matter), but those universal conditions do not give rise to extraordinary and compelling circumstances.  *See United States v. Herring*, No. 10-CR-391, 2022 WL 633871, at *4 (S.D.N.Y. Mar. 4, 2022) ("To the

4

extent Herring is arguing the challenging conditions of confinement caused by the pandemic – i.e., quarantines, limited visitation, etc. – warranted a sentence reduction, essentially every inmate who has been in BOP custody at any time since March 2020 would be entitled to a sentence reduction."); *United States v. Rodriguez*, 492 F. Supp. 3d 306, 311 (S.D.N.Y. 2020) (harsh prison conditions can contribute to finding of extraordinary and compelling reasons but do not suffice on their own).

In short, the factors to which Defendant points do not, singly or in combination, rise to the level of extraordinary and compelling circumstances. Even if they did, I would have to consider the § 3553(a) factors. They militate against a reduction of Defendant's already below-Guidelines sentence. Defendant put a large amount of heroin on the streets, regularly carried a gun and sold a gun to a confidential informant. He did so as part of a violent gang, and brandished a firearm at a rival gang in broad daylight where innocent bystanders were present. It was sheer luck that the consequences were not more serious than they were. After that event, Defendant did not re-think his participation. To the contrary, he boasted about his gang membership and ratcheted up the violence on line. Much of this occurred while Defendant was under supervision for prior convictions. The nature and seriousness of the offenses, the need to protect the public, the need to promote respect for the law and the need for deterrence all warrant denial of reduction of Defendant's sentence.[4]

---

[4]In his reply, Defendant states that he is not seeking immediate release, but rather "a modest reduction in the length of his sentence." (ECF No. 628 ¶ 9.) I would prefer to consider that much further along in Defendant's sentence. In any event, I continue to believe that ten years is the lowest appropriate sentence in light of the § 3553(a) factors.

Accordingly, the motion is denied.  The Clerk of Court is respectfully directed to terminate ECF Nos. 622 and 626, and to send a copy of this Order to Diamante Frazier, No. 79257-054, FCI Fort Dix, Federal Correctional Institution, P.O. Box 2000, Joint Base MDL, NJ 8640

Dated: February 21, 2023
         White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.